IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In re:** | * | **Chapter 11** |
| **TVI CORPORATION,** *et al.*,[1] | * | **Case Number: 09-15677-TJC** |
| Debtors. | * | **(Substantively Consolidated)** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **PLAN ADMINISTRATION COMMITTEE,** | * | |
| | * | |
| Plaintiff, | | |
| | * | **Adversary Number:** _____ |
| v. | | |
| | * | |
| **TREASURER OF THE UNITED STATES,** | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

Plaintiff Plan Administration Committee (the "Plaintiff"), by undersigned counsel, pursuant to the confirmed Debtors' First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), hereby files this Complaint to Avoid and Recover Preferential Transfers against Treasurer of the United States (the "Defendant") and, in support thereof, states:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547 and 550.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

---

[1] The Debtors in these substantively consolidated cases are TVI Corporation, Case No. 09-15677; Safety Tech International, Inc., Case No. 09-15684; Signature Special Event Services, Inc., Case No. 09-15686; and CAPA Manufacturing Corp., Case No. 09-15758.

#1304191v.1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**Background**

4. On April 1, 2009 (the "Petition Date"), TVI Corporation, Safety Tech International, Inc., Signature Special Event Services, Inc., and CAPA Manufacturing Corp. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On October 9, 2009, the Debtors filed their First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").

6. On December 8, 2009, the Court entered an Order confirming the Plan.

7. Pursuant to Section VIII. of the Plan, the estates of the Debtors are substantively consolidated for plan and distribution purposes.

8. Pursuant to Section X(B) of the Plan, the Plan Administration Committee has the standing and power to prosecute claims and causes of action arising under Sections 544, 545, 547, 548, 549, 550 and 551 of the Bankruptcy Code.

9. On or within ninety (90) days before the Petition Date, the Debtors made one or more transfers of an interest of the Debtors in property to the Defendant, in the aggregate amount of not less than $156,036.00 (the "Transfers").

**COUNT I**

10. The allegations contained in paragraphs 1 through 9 are incorporated herein by reference as if fully set forth herein.

11. The Transfers constitute transfers of an interest of the Debtors in property.

12. The Transfers were made to or for the benefit of the Defendant.

2

13. The Transfers were made for or on account of an antecedent debt owed by the Debtors to the Defendant before such Transfers were made.

14. At the time of the Transfers, the Debtors were insolvent (as that term is defined and used in Section 101(32) and 547 of the Bankruptcy Code).

15. The Transfers were made on or within 90 days before the Petition Date.

16. The Transfers enabled the Defendant to receive more than it would have received if the Debtors' bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code; if the transfers had not been made; and if the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17. The Transfers constitute avoidable preferences under Section 547 of the Bankruptcy Code, and the Transfers are recoverable from the Defendant pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Plan Administration Committee requests that this Court enter an Order:

A. Avoiding the Transfers as preferential pursuant to Section 547 of the Bankruptcy Code;

B. Granting a final money judgment in favor of the Plan Administration Committee and against the Defendant in an amount not less than $156,036.00, plus interest and costs;

C. Directing the Defendant to pay the Plan Administration Committee the sum of $156,036.00, plus interest and costs;

D. Disallowing any and all claims the Defendant may have against the Debtors' consolidated bankruptcy estates pursuant to Section 502(d) of the Bankruptcy Code; and

E.	Granting such other and further relief as is just a proper.

/s/Maria Ellena Chavez-Ruark  
Maria Ellena Chavez-Ruark, Bar No. 23941  
Christopher D. Heagy, Bar No. 28776  
Tydings & Rosenberg LLP  
100 East Pratt Street, 26th Floor  
Baltimore, Maryland 21202  
Telephone: (410) 752-9700  
mruark@tydingslaw.com  
cheagy@tydingslaw.com  

*Attorneys for the Plan Administration Committee*
